**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 24-11014

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ANTHONY EDWARD JACKSON,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cr-00063-CEH-AEP-1

————————————————

Before NEWSOM, BRASHER, and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Anthony Jackson appeals his 128-month sentence for one count of possession with intent to distrib-

ute controlled substances.  On appeal, Jackson makes two arguments.  First, the government failed to meet its burden that the mixture of controlled substances he was convicted of possessing was marketable as fentanyl.  Second, his sentence is substantively unreasonable.  After careful review, we affirm.

## I.

First, Jackson asserts that the government did not show that the mixture of controlled substances that he was convicted of possessing was marketable as fentanyl.

We review for clear error the district court's underlying determination of the drug quantity attributable to a defendant. *United States v. Azmat*, 805 F.3d 1018, 1046 (11th Cir. 2015).  For a finding to be clearly erroneous, this court must be left with a definite and firm conviction that a mistake has been committed." *Id.* We review de novo the district court's application of the guidelines to the established facts. *United States v. Arguedas*, 86 F.3d 1054, 1059 (11th Cir. 1996).

Section 2D1.1(c) of the Sentencing Guidelines contains a drug quantity table which provides the base offense level that corresponds with the quantity of different controlled substances for which a defendant was convicted of possessing under 21 U.S.C. § 841(a)(1).

> Unless otherwise specified, the weight of a controlled substance set forth in the table refers to the entire weight of any mixture or substance containing a de-

tectable amount of the controlled substance.  If a mixture or substance contains more than one controlled substance, the weight of the entire mixture or substance is assigned to the controlled substance that results in the greater offense level.

U.S.S.G. § 2D1.1(c), Drug Quantity Table, note (A).

The Supreme Court has held that when a sentencing court is determining the weight of a drug when it is contained within a mixture of controlled and noncontrolled substances, the court should weigh both substances together and sentence the defendant according to the weight of the entire mixture.  *See Chapman v. United States*, 500 U.S. 453, 468 (1991).  The Court reasoned that "[b]y measuring the quantity of the drugs according to the "street weight" of the drugs in the diluted form in which they are sold, rather than according to the net weight of the active component, the statute and the Sentencing Guidelines increase the penalty for persons who possess large quantities of drugs, regardless of their purity."  *Id*. at 465.  But this court has distinguished the Supreme Court's holding in *Chapman* where drugs are mixed with unusable waste, *United States v. Rolande-Gabriel*, 938 F.2d 1231, 1236 (11th Cir. 1991), or materials that are not considered to be cutting agents, such as bricks of sugar, *United States v. Jackson*, 115 F.3d 843, 848 (11th Cir. 1997).

Here, Jackson points to our decisions in *Roland-Gabriel* and *Jackson* to argue that the district court erred in finding the mixture was marketable as fentanyl.  But those cases relate to how much of

4                    Opinion of the Court                    24-11014

the drug mixture is unusable.  Jackson makes no argument that the mixture contained unusable materials that should not have been counted towards the total drug weight.  Jackson's reliance on those cases is misplaced.

The district court did not err in finding that the government met its burden to show that the mixture was marketable as fentanyl.  At sentencing, the government called the case agent from the Drug Enforcement Agency (DEA), who explained that drug traffickers will cut their products with other controlled and noncontrolled substances.  The DEA agent explained that the drug trafficker could then present the mixture as either of the drugs contained in the mixture.  The DEA agent also testified that someone seeking either fentanyl or heroin would have purchased the mixture.[1]  Because fentanyl resulted in the greater offense level,[2] the district court correctly applied the guidelines to determine Jackson's base offense level.

---

[1] A forensic chemist with the DEA testified that the mixture that he tested was a uniform powdery substance with a total weight of 1,659.89 grams, and it contained heroin, fentanyl, and methamphetamine.  The mixture also contained the noncontrolled substances such as caffeine, lidocaine, and dimethyl sulfone, which have been mixed with controlled substances.  The chemist also testified that the mixture consisted of 7.1 percent heroin and 2.4 percent fentanyl.

[2] If a defendant is accountable for at least 1.2 but less than 4 kilograms of fentanyl, the base offense level is 32.  U.S.S.G. § 2D1.1(c)(4).  If a defendant is accountable for at least 1 but less than 3 kilograms of heroin, the base offense level is 30.  U.S.S.G. § 2D1.1(c)(5).

## II.

Jackson also argues on appeal that his 128-month sentence is substantively unreasonable because a mandatory minimum sentence would have satisfied the purposes of sentencing under 18 U.S.C. § 3553(a).

When reviewing for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). A district court abuses its discretion and imposes a substantively unreasonable sentence only if it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (quotation marks omitted).

Under 18 U.S.C. § 3553(a), a district court's sentence must be sufficient, but not greater than necessary to achieve the goals of sentencing, which include: reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, deterring future criminal conduct, protecting the public, and providing the defendant with any needed training or treatment. The district court must also consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, any pertinent public policy statement, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found

guilty of similar conduct, and the need to provide restitution to any victims.  18 U.S.C. § 3553(a).

The weight given to any specific § 3553(a) factor is "committed to the sound discretion of the district court."  *United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021).  The district court does not have to give all the factors equal weight and is given discretion to attach great weight to one factor over another.  *Rosales-Bruno*, 789 F.3d at 1254.  The party challenging the sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

Here, the district court did not abuse its discretion in sentencing Jackson to a 128-month sentence.  First, Jackson's guideline range was 121-151 months, so his 128-month sentence was within the guidelines range.  And a sentence within the guidelines range is generally reasonable.  *See United States v. Osorto*, 995 F.3d 801, 823 (11th Cir. 2021).  Second, Jackson's 128-month sentence was below the statutory maximum of life imprisonment, which is another indicator of a reasonable sentence.  *See United States v. Jayyousi*, 657 F.3d 1085, 1118 (11th Cir. 2011).  Third, Jackson argues that the district court should avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct.  Jackson is correct, but he fails to point to any comparator.  *See United States v. Docampo*, 573 F.3d 1091, 1102 (11th Cir. 2009).  Ultimately, the court crafted a reasonable sentence that considered Jackson's extensive criminal history

24-11014                Opinion of the Court                7

and his personal characteristics, including Jackson's mental and physical health disabilities.  Thus, the district court did not abuse its discretion when it imposed a 128-month sentence.

**AFFIRMED.**